UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMSHID BAKSHI ZAHRAIE,

        Petitioner,

                                          Case Number 1:17-cv-13131

v.                                        Hon. Thomas L. Ludington

ERICK BALCARCEL,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A STAY, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Jamshid Bakshi Zahraie, a state prisoner at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* habeas corpus petition challenging his Tuscola County convictions for racketeering, Mich. Comp. Laws § 750.159i, and related narcotics offenses. ECF No. 1. Also pending before the Court is Petitioner's motion to hold his habeas petition in abeyance and to stay his federal case while he exhausts state remedies. ECF No. 3. Petitioner's motion will be denied and the case will be dismissed without prejudice.

**I.**

Petitioner was tried before a jury in Tuscola County Circuit Court, and on March 13, 2014, the jury found him guilty of the following crimes: conducting an enterprise through a pattern of racketeering activity, Mich. Comp. Laws § 750.159i(1); unlawful possession of a controlled substance with intent to deliver, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7401(2)(b)(ii); unlawful manufacture of a controlled substance, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7401(2)(b)(ii); unlawful delivery of a controlled substance, Mich. Comp.

Laws §§ 333.7212(1)(e) and 333.7401(2)(b)(ii); unlawful possession of a controlled substance, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7403(2)(b)(ii); and maintaining a drug house, Mich. Comp. Laws §§ 333.7405(1)(d) and 333.7406. On May 2, 2014, the trial court sentenced Petitioner, as a habitual offender, to a term of fifteen to forty years in prison for the racketeering conviction and to lesser concurrent terms for the remaining convictions.

In his appeal as of right, Petitioner argued that: (1) the catchall language of Mich. Comp. Laws § 333.7201(1)(e)(x) is unconstitutionally vague; (2) the evidence was insufficient to sustain his conviction for conducting a criminal enterprise; (3) the trial court erred by admitting evidence of prior purchases of synthetic marijuana from Petitioner's stores; (4) he was denied due process of law because no hearing was held to determine the existence of his prior convictions; (5) his right of confrontation was violated by the admission of hearsay testimony; (6) the prosecutor committed misconduct by eliciting testimony from an expert witness that XLR-11 is a Schedule I controlled substance; and (7) the trial court's refusal to admit a laboratory report in evidence denied him the right to present a defense. The Michigan Court of Appeals rejected these arguments and affirmed Petitioner's conviction in an unpublished, *per curiam* opinion. *See People v. Zahraie*, No. 321835 (Mich. Ct. App. July 9, 2015).

Petitioner alleges that he raised the same seven claims in an application for leave to appeal in the Michigan Supreme Court. The State Supreme Court remanded Petitioner's case to the trial court to determine whether the trial court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). The State Supreme Court denied leave to appeal in all other respects because it was not persuaded to review the remaining issues. *See People v. Zahraie*, 875 N.W.2d 212

(Mich. 2016). On October 3, 2016, the United States Supreme Court denied Petitioner's subsequent petition for a writ of certiorari. *See Zahraie v. Michigan*, 137 S. Ct. 115 (2016).

Meanwhile, on August 30, 2016, the trial court held a hearing on remand from the Michigan Supreme Court and affirmed its initial sentence in an oral decision. Petitioner appealed the trial court's ruling, but the Michigan Court of Appeals dismissed his claim of appeal for lack of jurisdiction because the trial court had not entered a final judgment or order after the hearing it held on August 30, 2016. *See People v. Zahraie*, No. 334853 (Mich. Ct. App. Oct. 12, 2016). On November 29, 2016, the trial court issued a written order in which it declined to re-sentence Petitioner, but entered a new claim of appeal on Petitioner's behalf and appointed appellate counsel for him.

On March 20, 2017, while Petitioner's second appeal of his sentence was progressing through the state courts, Petitioner filed his first habeas corpus petition and a motion to stay the case pending exhaustion of state post-conviction remedies. The petition raised fourteen claims: (1) Petitioner was convicted under an unconstitutionally vague statute; (2) Petitioner was charged under an "inapplicable" statute; (3) Petitioner was denied the effective assistance of appellate counsel; (4) Petitioner was denied the effective assistance of trial counsel; (5) there was outrageous governmental conduct during the investigation; (6) there was an illegal search and seizure; (7) Petitioner was denied the right to present a complete defense; (8) insufficient evidence was presented at trial to sustain Petitioner's convictions; (9) the Government's peremptory strikes were racially motivated; (10) the trial court erroneously admitted evidence at trial; (11) the jury instructions were erroneous; (12) the trial judge was biased against Petitioner and committed misconduct; (13) the cumulative effect of these errors rendered Petitioner's trial unfair; and (14) he was entitled to re-sentencing. The Court summarily dismissed the petition

without prejudice and denied the motion for a stay as unnecessary because Petitioner was not in danger of running afoul of the habeas statute of limitations. *See Zahraie v. McCullik*, No. 1:17-cv-10875 (E.D. Mich. Mar. 30, 2107). Petitioner moved for reconsideration, but the Court denied his motion on August 29, 2017. *See id.*, ECF No. 7.

On September 22, 2017, Petitioner filed the present habeas corpus petition and motion for a stay. The petition raises the same fourteen claims that Petitioner raised in his first petition. He states that he raised his first claim (arguing that the statute is unconstitutionally vague) on direct appeal, and that he raised his remaining claims for the first time in a motion for relief from judgment, which is pending before the state court. He describes his petition as a "protective" petition, which he wants the court to hold in abeyance pending exhaustion of state post-appeal remedies.

In his motion for a stay, Petitioner alleges that, on August 16, 2017, he filed a motion for relief from judgment in the state trial court and a motion to file a memorandum of law in excess of fifty pages. Although Petitioner states that the motion for relief from judgment was filed well before the one-year statute of limitations was set to expire, he also states that the motion was not properly filed and, therefore, did not toll the limitations period. He requests a stay of this federal proceeding until he can file a proper post-conviction motion in state court.

Petitioner further alleges that he moved to disqualify the state trial judge and that the disqualification motion remains pending before a Huron County circuit court judge. Petitioner believes that the trial judge is waiting for the Huron County judge to make a decision on Petitioner's motion for disqualification before the trial judge adjudicates Petitioner's motion to file a memorandum of law in excess of fifty pages. Petitioner speculates that the state trial judge has already denied his post-conviction motions or that his motions will be denied or rejected

before he is able to correct any deficiencies in the motions. He argues that either one of these outcomes is plausible enough to justify this Court in exercising its discretion and granting his motion for a stay until he can file a proper post-conviction motion. Petitioner asserts that his unexhausted claims are potentially meritorious, that he is not engaged in any dilatory litigation tactics, and that his appellate attorney is responsible for his failure to present his unexhausted claims on direct appeal.

## II.

As this Court explained in Petitioner's previous case, a state prisoner must exhaust the remedies available to him in the state courts before a federal court may grant relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" his federal claims to the state courts so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims at all levels of the state appellate system. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner states that he is currently attempting to exhaust state remedies for his claims in post-conviction proceedings under Michigan Court Rule 6.501, *et seq*. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss without prejudice petitions containing unexhausted claims in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of

limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Nevertheless, slightly more than one month before the United States Supreme Court denied a writ of certiorari, the state-court case returned to the trial court on remand from the Michigan Supreme Court. The trial court then held a sentencing hearing and affirmed its initial sentence in an oral decision. Approximately, three months later, the trial court entered a written judgment and an order granting Petitioner a new direct appeal, which is still pending in the Michigan Court of Appeals. *See People v. Zahraie*, No. 336023 (Mich. Ct. App. 2016). Thus, the statute of limitations has not begun to run and will not do so any sooner than ninety days after the conclusion of the appellate proceedings on Petitioner's sentencing claims. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (concluding that the petitioner's direct review became final when the out-of-time appeal granted by the state appellate court became final, not when the petitioner's conviction initially became final); *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (concluding that the petitioner's "limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' ") (quoting 28 U.S.C. § 2244(d)(a)(A)) (emphasis in original); *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (stating that the petitioner's judgment became final upon the conclusion of direct review of the new sentence the petitioner received at re-sentencing). In the meantime, Petitioner can continue to pursue and perfect his post-conviction motions in the state trial court.

Petitioner is not in danger of running afoul of the statute of limitations, and there is no basis for staying this case rather than dismissing it without prejudice. Accordingly, the petition will be summarily dismissed without prejudice.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11(a) of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, reasonable jurists would not debate the conclusion that the petition should be summarily dismissed without prejudice. Therefore a certificate of appealability is denied. Permission to appeal in forma pauperis is also denied because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### IV.

Accordingly, it is ordered that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice.**

It is further **ORDERED** that Petitioner's motion for a stay, ECF No. 3, is **DENIED**.

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

Dated: November 16, 2017         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2017.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager