UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMSHID BAKSHI ZAHRAIE,

    Petitioner,

v.    Case Number 1:17-cv-13131
    Hon. Thomas L. Ludington

ERICK BALCARCEL,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A STAY [13] AND THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS [15] AND DISMISSING THE MOST RECENT PETITION [14] WITHOUT PREJUDICE**

Petitioner Jamshid Bakshi Zahraie, a state prisoner at the Thumb Correctional Facility in Lapeer, Michigan, has filed his second *pro se* habeas corpus petition before this Court challenging his Tuscola County convictions for racketeering, Mich. Comp. Laws § 750.159i, and related narcotics offenses. ECF. No. 14. Petitioner has also filed a motion to hold his habeas petition in abeyance, ECF No. 13, and an application to proceed without prepaying fees and costs, ECF No. 15. The case was previously closed because Petitioner had not exhausted state remedies for his claims. ECF No. 9. Petitioner continues to pursue state remedies. Accordingly, there is no basis for re-opening his case and staying the proceedings while Petitioner exhausts his state remedies. His motion for a stay will be denied and his most recent petition will be dismissed without prejudice.

I.

Following a jury trial in Tuscola County Circuit Court, Petitioner was convicted of: conducting an enterprise through a pattern of racketeering activity, Mich. Comp. Laws §

750.159i(1); unlawful possession of a controlled substance with intent to deliver, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7401(2)(b)(ii); unlawful manufacture of a controlled substance, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7401(2)(b)(ii); unlawful delivery of a controlled substance, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7401(2)(b)(ii); unlawful possession of a controlled substance, Mich. Comp. Laws §§ 333.7212(1)(e) and 333.7403(2)(b)(ii); and maintaining a drug house, Mich. Comp. Laws §§ 333.7405(1)(d) and 333.7406. On May 2, 2014, the trial court sentenced Petitioner as a habitual offender to a term of fifteen to forty years in prison for the racketeering conviction and to lesser concurrent terms for the remaining convictions.

In an appeal as of right, Petitioner argued that: (1) the catchall language of Mich. Comp. Laws § 333.7201(1)(e)(x) is unconstitutionally vague; (2) the evidence was insufficient to sustain his conviction for conducting a criminal enterprise; (3) the trial court erred by admitting evidence of prior purchases of synthetic marijuana from Petitioner's stores; (4) he was denied due process of law because no hearing was held to determine the existence of his prior convictions; (5) his right of confrontation was violated by the admission of hearsay testimony; (6) the prosecutor committed misconduct by eliciting testimony from an expert witness that XLR-11 is a Schedule I controlled substance; and (7) the trial court's refusal to admit a laboratory report denied him the right to present a defense. The Michigan Court of Appeals rejected Petitioner's arguments and affirmed his convictions in an unpublished, *per curiam* opinion. *See People v. Zahraie*, No. 321835, 2015 WL 4169311 (Mich. Ct. App. July 9, 2015).

Petitioner alleges that he raised the same seven claims in an application for leave to appeal in the Michigan Supreme Court. The State Supreme Court remanded Petitioner's case to the trial court for a determination of whether the trial court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 870 N.W.2d 502 (Mich.

2015). The State Supreme Court denied leave to appeal in all other respects. *See People v. Zahraie*, 875 N.W.2d 212 (Mich. 2016). On June 28, 2016, the Michigan Supreme Court denied reconsideration. *People v. Zahraie*, 880 N.W.2d 569 (Mich. 2016). On October 3, 2016, the United States Supreme Court denied certiorari. *See Zahraie v. Michigan*, 137 S. Ct. 115 (2016).

Meanwhile, on August 30, 2016, the trial court held a sentencing hearing, as ordered by the Michigan Supreme Court, and affirmed its initial sentence in an oral decision. Petitioner appealed the trial court's ruling, but the Michigan Court of Appeals dismissed his claim of appeal for lack of jurisdiction because the trial court had not entered a final judgment or order after its hearing on August 30, 2016. *See People v. Zahraie*, No. 334853 (Mich. Ct. App. Oct. 12, 2016). On November 29, 2016, the trial court issued a final order in which it declined to re-sentence Petitioner, but granted him a new claim of appeal and appointed appellate counsel for him.

On March 20, 2017, as the sentencing matter was progressing through the state courts, Petitioner filed his first habeas corpus petition and a motion to stay the case pending exhaustion of state remedies (Case No. 17-10875). Petitioner raised fourteen claims: (1) he was convicted under an unconstitutionally vague statute; (2) he was charged under an "inapplicable" statute; (3) he was denied the effective assistance of appellate counsel; (4) he was denied the effective assistance of trial counsel; (5) there was outrageous governmental conduct during the investigation; (6) he was subjected to illegal searches and seizures; (7) he was denied the right to present a complete defense; (8) insufficient evidence was presented at trial to sustain his convictions; (9) the government exercised racially motivated peremptory strikes of jurors; (10) the trial court erroneously admitted certain evidence at trial; (11) the jury instructions were erroneous; (12) the trial judge was biased against him and committed misconduct; (13) the cumulative effect of the errors rendered his trial unfair; and (14) he was entitled to re-sentencing. The Court

summarily dismissed the petition without prejudice and denied the motion for a stay as unnecessary because Petitioner was still exhausting state remedies and he was not in danger of running afoul of the habeas statute of limitations. *See Zahraie v. McCullik*, No. 1:17-cv-10875 (E.D. Mich. Mar. 30, 2107). Petitioner moved for reconsideration, but the Court denied his motion on August 29, 2017. *See id.*, ECF No. 7.

On September 22, 2017, Petitioner commenced his second case, this case, by filing an additional habeas corpus petition, ECF No. 1, an application to proceed without prepaying fees or costs, ECF No. 2, and a motion for a stay, ECF No. 3. The petition raised the same fourteen claims that Petitioner presented to the Court in case number 1:17-cv-10875, and he requested a stay of the federal proceeding until he could file a proper post-conviction motion in state court.

On November 16, 2017, the Court denied the motion for a stay, summarily dismissed the petition without prejudice, and closed this case. ECF No. 9. The Court noted that Petitioner's direct appeal from the trial court's new judgment of sentence was still pending in the Michigan Court of Appeals and that the statute of limitations would not begin to run until ninety days after the conclusion of the appellate proceedings on Petitioner's sentencing claim.

On September 28, 2018, Petitioner filed a second motion for a stay, ECF No. 13, another petition for the writ of habeas corpus, ECF No. 14, and another application to proceed without prepaying fees or costs, ECF No. 15. He alleges in his motion for a stay that he filed a motion for relief from judgment in the state trial court on August 10, 2018. He asks that his habeas petition be held in abeyance pending exhaustion of post-conviction remedies.

**II.**

As explained in Petitioner's previous case and in the order dismissing the initial petition in this case, a state prisoner must exhaust the remedies available to him in the state courts before a

federal court may grant relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" his federal claims to the state courts so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims at all levels of the state appellate system. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner states that he is still exhausting state remedies for his claims in post-conviction proceedings under Michigan Court Rule 6.501, *et seq*. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss without prejudice petitions containing unexhausted claims to allow petitioners to return to state court to exhaust remedies. Petitioner alleges that he filed a motion for relief from judgment in the state trial court on August 10, 2018, which was before his convictions and sentence became final. If the motion was properly filed, it tolled the limitations period. *See* 28 U.S.C. § 2244(b)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

It further appears that Petitioner's post-conviction motion is still under review in the State's appellate courts. Petitioner has one appeal pending in the Michigan Court of Appeals in case number 347720, and a different appeal pending in the Michigan Supreme Court in case number 159075. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx.

Thus, the habeas statute of limitations does not appear to pose a problem for Petitioner. Accordingly, his motion for a stay will be denied, and the petition filed on September 28, 2018, will be dismissed without prejudice.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253(c). Rule 11(a) of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, reasonable jurists would not debate the conclusion that the petition filed on September 28, 2018, should be summarily dismissed without prejudice. Therefore, a certificate of appealability is denied. Permission to appeal in forma pauperis is also denied because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### IV.

Accordingly, it is **ORDERED** that Petitioner's motion for a stay, ECF No. 13, is **DENIED**.

It is further **ORDERED** the petition for a writ of habeas corpus, ECF No. 14, is **DISMISSED without prejudice** to Petitioner's right to file an amended petition and a motion to re-open this case after exhausting state remedies.

It is further **ORDERED** that the application to proceed without prepaying fees or costs, ECF No. 15, is **DENIED** as unnecessary.

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

Dated: June 5, 2019                                     s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Jamshid Zahraie** #593407, THUMB CORRECTIONAL FACILITY, 3225 JOHN CONLEY DRIVE, LAPEER, MI 48446 by first class U.S. mail on June 5, 2019.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager