UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMSHID BAKSHI ZAHRAIE,

   Petitioner,           Case No. 1:17-cv-13131

v.                  Honorable Thomas L. Ludington
                    United States District Judge
CHANDLER CHEEKS,

   Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITIONER'S MOTIONS FOR IMMEDIATE CONSIDERATION, FOR EVIDENTIARY HEARING, AND FOR APPEAL BOND, (2) GRANTING AND DENYING IN PART PETITIONER'S MOTION TO SUPPLEMENT HABEAS PETITION, (3) GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE REPLY, (4) DIRECTING RESPONDENT TO RESPOND TO PETITIONER'S NEW JUDICIAL BIAS CLAIM, AND (5) DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR ADDITIONAL DOCUMENTS**

In February 2021, Petitioner Jamshid Bakshi Zahraie, an inmate in the Thumb Correctional Facility in Lapeer County, filed a *pro se* amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 21. Petitioner challenges his Tuscola County convictions for the following offenses: conducting an enterprise through a pattern of racketeering activity, MICH. COMP. LAWS § 750.159i(1); unlawful possession of a controlled substance with intent to deliver, MICH. COMP. LAWS §§ 333.7212(1)(e), 333.7401(2)(b)(*ii*); unlawful manufacture of a controlled substance, MICH. COMP. LAWS §§ 333.7212(1)(e), 333.7401(2)(b)(*ii*); unlawful delivery of a controlled substance, MICH. COMP. LAWS §§ 333.7212(1)(e), 333.7401(2)(b)(*ii*); unlawful possession of a controlled substance, MICH. COMP. LAWS §§ 333.7212(1)(e), 333.7403(2)(b)(*ii*); and maintaining a drug house, MICH. COMP. LAWS §§ 333.7405(1)(d), 333.7406.

Petitioner's convictions arose from selling synthetic marijuana at his party store and gas station and manufacturing materials for synthetic marijuana from his apartment. In May 2014, the trial court sentenced Petitioner to prison for 15 to 40 years for the racketeering conviction and to lesser concurrent terms for the other convictions. Petitioner raises 13 claims in his amended petition. Respondent urges this Court to deny the amended petition, because the state courts' rejection of Petitioner's claims was not contrary to, or an unreasonable application of, clearly established federal law; or alternatively because the claims are not cognizable on federal habeas review, are procedurally defaulted, are meritless, or are moot. *See* ECF No. 30 at PageID.952–56.

Currently pending are Petitioner's motions for immediate release from custody, an evidentiary hearing, or release on bond, permission to supplement his habeas petition with two new claims, and an extension of time to file a reply to Respondent's answer to the amended petition. ECF Nos. 24; 25; 26; 29; 32. Each motion will be addressed separately.

**I.**

First, Petitioner seeks immediate consideration of his habeas petition on the grounds that the state courts committed legal errors, prevented him from developing a factual record, failed to recognize his constitutional claims, refused to correct manifest injustice, and failed to resolve his claims on the merits. *See* ECF No. 24, PageID.781–82. Petitioner also reargues some of his habeas claims in the supporting brief, *see id*. at PageID.785–93, and he alleges that his age (68) makes him susceptible to COVID-19, that his crime was non-violent, that he does not have a serious criminal history, and that he has two autistic children who need special care. *Id*. at PageID.793.

Petitioner has not "shown good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Petitioner also has not shown undue delay in adjudicating his case. Although he initiated this case in September 2017, ECF No. 1, his initial petition was dismissed without prejudice for failure to exhaust his claims, ECF No. 9, and the case was not reopened until November 2020, ECF No. 19. As a result, Petitioner did not file his amended petition until February 2021, ECF No. 21, which Respondent answered seven months later, ECF No. 30.

Under these circumstances, immediate review of Petitioner's claims is not warranted. Accordingly, Petitioner's motion for immediate consideration will be denied.

## II.

Second, Petitioner seeks an evidentiary hearing, alleging the state courts deprived him of an opportunity develop a factual record and adjudicated his claims unreasonably. ECF No. 25 at PageID.795–96. Petitioner has no absolute right to an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977) (noting that not every habeas petition is entitled to an evidentiary hearing). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Accordingly, a court should grant an evidentiary hearing only if it determines that a factual dispute exists *and* that the petitioner might be entitled to relief. *See Witham v. United States*, 355 F.3d 501, 506 (6th Cir. 2004).

Having reviewed Petitioner's amended petition and motion for an evidentiary hearing, this Court is not persuaded that a factual dispute exists or that Petitioner would be entitled to

relief after an evidentiary hearing. Indeed, Petitioner's motion for an evidentiary hearing largely recites his accusation that the state courts committed various "legal errors." *See* ECF No. 25 at PageID.795–96. Accordingly, Petitioner's motion for an evidentiary hearing will be denied. However, this Court may reconsider Petitioner's motion *sua sponte* if, on further review of the case, the Court finds that an evidentiary hearing is necessary and appropriate. Petitioner does not need to renew his request for an evidentiary hearing.

### III.

Third, Petitioner seeks release on bond pending a decision on his habeas petition. ECF No. 26. To receive bail while a habeas decision remains pending, "prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). As a practical matter, "[t]here will be few occasions where a prisoner will meet this standard." *Id.*

This case is not one of those "few occasions." *Id.* Even if Petitioner raised a "substantial claim of law" in his petition, he has not identified any circumstances making this case "exceptional and deserving of special treatment." *Id.*; *see* ECF No. 26 at PageID.805. Therefore, Petitioner's motion for release on bond will be denied.

### IV.

Fourth, Petitioner seeks leave to supplement his amended petition with two new claims: (1) that his jury instructions were erroneous; and (2) that the trial judge was biased. ECF No. 29 at PageID.823–24.

A party may amend a pleading "with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]" FED. R. CIV. P. 15(c)(1)(B). In the habeas context, "so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  However, a state prisoner must demonstrate that he presented each of his claims to the state courts at all levels of state-court review before raising the claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Petitioner did not raise his new claim about the jury instructions in the Michigan Court of Appeals. *See* ECF No. 31-23 at PageID.3604–06. Instead, he raised the claim as a new issue in an application for leave to appeal in the Michigan Supreme Court. *See* ECF No. 31-26 at PageID.4154–58.

"Submission of a new claim to a state's highest court on discretionary review does not constitute fair presentation." *Rowls v. Jamrog*, 193 F. Supp. 2d 1016, 1022 (E.D. Mich. 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Accordingly, Petitioner's Motion to Supplement his Amended Petition will be denied as to his jury-instruction claim.

Petitioner did, however, raise his judicial-bias claim in the Michigan Court of Appeals and in the Michigan Supreme Court, and that claim is supported by facts that do not differ in either time or type from those in Petitioner's amended petition. Accordingly, this Court will

grant Petitioner's request to amend his habeas petition with his judicial-bias claim. *See Mayle*, 545 U.S. at 664. Additionally, Respondent will be directed to file a response to Petitioner's judicial-bias claim.

## V.

Fifth, Petitioner seeks an extension of time to file a reply to Respondent's answer to his amended petition. ECF No. 32. Despite receiving Respondent's answer on September 13, 2021, Petitioner argues that he has not had sufficient time to file a reply because the prison law library was closed for a time due to the COVID-19 pandemic. *Id.* at PageID.5125. Petitioner also alleges that he struggles with English and relies on "jailhouse lawyers" for assistance. *Id.* Accordingly, he seeks permission to file his reply brief within 45 days of September 13, 2021. *Id.* at PageID.5125.

Before this Court could address Petitioner's motion, he filed his reply on October 12, 2021. ECF No. 33. Because October 12, 2021 is within the 45-day timeframe Petitioner proposed, this Court will grant Petitioner's motion and treat his reply as timely.

## VI.

Finally, this Court must address a document Petitioner recently filed titled "Deficiency in Index of Record by Respondent." ECF No. 34. Liberally construed, the document seems to have been intended as a motion to compel the production of Petitioner's Presentence Investigation Report and other documents. *Id.* at PageID.5125–26.

The state-court records that Respondent filed with his answer to the amended petition appear to contain all the documents needed for a proper adjudication of Petitioner's habeas claims. *See generally* ECF No. 31. Therefore, Petitioner's request for additional documents will be denied without prejudice. This Court may reconsider Petitioner's request *sua sponte* if, on

further review of Petitioner's claims and the state-court record, this Court finds that additional records are needed.

## VII.

Accordingly, it is **ORDERED** that Petitioner's Motion for Immediate Consideration, ECF No, 24, is **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion for an Evidentiary Hearing, ECF No. 25, is **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion for Bond, ECF No. 26, is **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion to Supplement the Petition, ECF No. 29, is **GRANTED AND DENIED IN PART**. Petitioner's request to add a judicial-bias claim is **GRANTED**, but Petitioner's request to add a jury-instruction claim is **DENIED**.

Further, it is **ORDERED** that Respondent is **DIRECTED** to file response to Petitioner's judicial-bias claim within **forty-five (45) days** of the date of this Order.

Further, it is **ORDERED** that Petitioner's Motion for an Extension of Time to File a Reply, ECF No. 32, is **GRANTED**.

Further, it is **ORDERED** that Petitioner's Request for Additional Documents, ECF No. 34, is **DENIED WITHOUT PREJUDICE.**

Dated: March 15, 2022                                      s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge