UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMSHID ZAHRAIE,

        Petitioner,         Case No. 1:17-cv-13131

v.         Honorable Thomas L. Ludington
        United States District Judge

CHANDLER CHEEKS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO DELAY RENDERING A DECISION, MOTION FOR AN EVIDENTIARY HEARING, MOTION FOR DISCOVERY, AND MOTION FOR APPOINTMENT OF COUNSEL**

In February 2021, Petitioner Jamshid Bakshi Zahraie, imprisoned at Parnell Correctional Facility in Jackson, Michigan, filed an amended *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 21. Now before this Court are Petitioner's motions to delay rendering a decision, to hold an evidentiary hearing, to permit discovery, and to appoint counsel. All four requests will be denied as explained hereafter.

**I.**

In May 2014, a Tuscola County jury convicted Petitioner of conducting an enterprise through a pattern of racketeering activity, MICH. COMP. LAWS § 750.159i(1), unlawful possession of a controlled substance with intent to deliver, MICH. COMP. LAWS §§ 333.7272(1)(e), 333.7401(2)(b)(ii), unlawful manufacture of a controlled substance, *id.*, unlawful delivery of a controlled substance, *id.*, unlawful possession of a controlled substance, *id.*, and maintaining a drug house, MICH. COMP. LAWS §§ 333.7405(1)(d), 333.7406. ECF No. 21 at PageID.231. The trial court sentenced Petitioner to a term of 15 to 40 years of imprisonment for the racketeering

conviction, *id.*, and to lesser concurrent terms for the remaining six convictions. ECF Nos. 31-10 at PageID.2658; 31-17 at PageID.2849–50.

In February 2021, he filed an amended *pro se* petition for writ of habeas corpus, raising 13 claims, including lack of evidence, admission of hearsay testimony, ineffective assistance of counsel, and deprivation of constitutional rights. *Id.* at PageID.248–334. He then filed a motion to add two additional claims concerning jury instruction error and juror bias, ECF No. 29, which this Court granted in part by permitting Petitioner to add the juror bias claim, ECF No. 35.

Now before this Court are Petitioner's motions to delay rendering a decision, to hold an evidentiary hearing, to permit discovery, and to appoint counsel. ECF Nos. 41; 42; 43; 47. Respondent has not filed a response to any of the four pending motions, each of which will be addressed below.

II.

A.

In January 2023, Petitioner filed a Motion to Delay Rendering a Decision on Habeas Corpus Petition. ECF No. 41. He sought a 60-day "delay" in this Court making any decision on his Petition so he could file a renewed motion for an evidentiary hearing. *Id.* at PageID.5269. He then filed a renewed motion for an evidentiary hearing on March 14, 2023. ECF No. 42. Thus, his Motion to Delay Rendering a Decision on Habeas Corpus Petition will be denied as moot.

B.

Petitioner's Renewed Motion for Evidentiary Hearing seeks an evidentiary hearing "to properly present with specificity crucial facts . . . in conflict with the facts stated in Respondent's answer." ECF No. 42 at PageID.5273. Petitioner further alleges that some facts were not adequately developed in the state-court record. *Id.* at PageID.5274.

A habeas petition warrants an evidentiary hearing only if it "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002); *see also Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003) ("AEDPA contains express limitations on a federal court's discretion to grant an evidentiary hearing."). To that end, federal courts "must consider" whether a hearing could enable the petitioner to prove "factual allegations" that would warrant federal habeas relief "if true." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). In sum, this Court must review the entire record to determine if an evidentiary hearing is appropriate.

Here an evidentiary hearing is unnecessary. Having reviewed Petitioner's Amended Petition, ECF No. 21, Respondent's Responses, ECF Nos. 30; 36, Petitioner's Replies, ECF Nos. 33; 38, and Petitioner's Motion, ECF No. 42, as well as relevant portions of the state-court record, *see generally,* ECF No. 31, this Court finds that Petitioner's conclusory claims of conflicting and underdeveloped facts largely seek to relitigate the merits of the issues decided by the state court and that Petitioner would not be entitled to relief after an evidentiary hearing.

Accordingly, Petitioner's Motion for an Evidentiary Hearing will be denied. However, this Court may reconsider Petitioner's Motion *sua sponte* if, on further review of the case, this Court finds that an evidentiary hearing is necessary and appropriate. Petitioner need not renew his request for an evidentiary hearing.

## C.

Petitioner next seeks additional discovery to resolve his *Batson* and judicial bias claims. ECF No. 43. Specifically, he requests production of jury verdict forms, the definition of "controlled substances," special jury instructions, jury questionaries, jury voir dire list, laboratory reports, and support for the expert opinion to support his *Batson* claim. *Id.* at PageID.5314. He

also seeks additional discovery related to "Attorney Melton and his pre-trial discussion with Judge Gierhart" to establish that the trial judge had a "financial interest" in the outcome of his case. *Id.* at PageID.5315.

"Habeas petitioners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation marks omitted). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts allows discovery only upon a showing of good cause. "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id*. (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).

Petitioner has not shown good cause to conduct discovery. Petitioner does not make any specific allegations that, if fully developed, would entitle him to relief. It appears that the Rule 5 materials are sufficient to resolve Petitioner's claims. Therefore, Petitioner's request for discovery will be denied. If, upon further review of the petition, this Court finds that the record of state court proceedings is incomplete, then this Court will consider granting further appropriate relief.

**D.**

Finally, Petitioner seeks appointment of counsel because (1) the issues in his case are complex; (2) he in indigent and cannot afford counsel; and (3) he has limited knowledge of the law and would benefit from counsel. ECF No. 47.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). Prisoners' postconviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a habeas petitioner may obtain

representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

"Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). The appointment of counsel in a habeas case remains discretionary if no evidentiary hearing is necessary. *Id.* "Counsel may be appointed, in exceptional cases, for a prisoner appearing pro se in a habeas action." *Id.* at 788. Thus, counsel may be appointed in a habeas case if "a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim," *id.*, such that the interests of justice or due process so require appointed counsel, *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam).

Appointment of counsel is not warranted here. Defendant argues he needs counsel to continue litigating his habeas petition. *See* ECF No. 47. Yet Petitioner has filed not only a habeas petition, but multiple motions, memoranda in support of his motions, and an amended petition. *See* ECF Nos. 1; 13; 18; 20; 21; 24; 25; 26; 29; 32; 33; 37; 38; 41; 42; 43; 46; 47. He has demonstrated the ability to present his claims. As the interests of justice do not require appointed counsel at this time, Petitioner's request for appointed counsel will be denied.

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Delay Rendering a Decision on Habeas Corpus Petition, ECF No. 41, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Petitioner's Renewed Motion for an Evidentiary Hearing, ECF No. 42, is **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion to Grant Discovery, ECF No. 43, is **DENIED**.

- 6 -

Further, it is **ORDERED** that Petitioner's Motion for Appointment of Counsel, ECF No. 47, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

Dated: September 7, 2023                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge